## BOARD OF EDUCATION v MINNICH et

Ohio Appeals, 2nd Dist, Miami Co

No 304. Decided April 25, 1933

L. E. Harvey, Bradford, for plaintiff in error.

Kerr, Kerr & Kerr, Tippecanoe, for defendants in error.

BY THE COURT

Answer to the question presented depends entirely upon a construction of §§4696 and 4692 GC.

Sec 4692 GC, insofar as pertinent provides:

"The county board of education may transfer a part or all of a school district of the county school district to an adjoining district or districts of the county school district. Such transfer shall not take effect until a map is filed with the auditor of the county in which the transferred territory is situated; * * * nor shall such transfer take effect if a majority of the qualified electors residing in the territory to be transferred, shall, within thirty days after the filing of such map, file with the county board of education a written remonstrance against such proposed transfer. * * * The county board of education is authorized to make an equitable division of the school funds of the transferred territory either in the treasury or. in the course of collection. And also an equitable division of the indebtedness of the transferred territory."

Sec 4696, GC, insofar as pertinent, provides:

"A county board of education may, upon a petition of a majority of the electors residing in the territory to be transferred, transfer a part or all of a school district of the county school district to an exempted village, city or county school district, the territory of which is contiguous thereto. Upon petition of seventy-five per cent of the electors in the territory proposed to be transferred the county board of education shall make such transfer. A county board of education may accept a transfer of territory from any such school district and annex same to a contiguous school district of the county school district."

"In any case before such a transfer shall be complete (1) a resolution shall be passed by a majority vote of the full membership of the board of education of the city, exempted village or county school district making or accepting the transfer as the case may be (2) an equitable division of the funds and indebtedness between the districts involved shall be made by the county board of education, which in the case of territory transferred to a county school district shall mean the board of education of the county school district to which such territory is transferred and (3) a map shall be filed with the county auditor of each county affected by the transfer. * * *"

Sec 4679 GC classifies school districts:

"The school districts of the state shall be styled, respectively, city school districts, exempted village school districts, village school districts, rural school districts and county school districts."

A city school district in general is the territory within the city and attached to it for school purposes, not including any territory within its corporate limits detached for school purposes, and a village school district includes the territory within the village together with territory attached to it for school purposes, excluding territory within its corporate limits detached for school purposes, provided the total tax valuation is not less than $500,000.00. There is also some provision for organizing the village school district where it would be such by statute but for the fact that its tax valuation is less than $500,000.00.

A county school district is defined by §4684 GC:

"Each county, exclusive of ·the territory embraced in any city school district and the territory in any village school district exempted from the supervision of the county board of education by the provisions of

§§4688 and 4688-1 GC, and territory detached for school purposes, and including the territory attached to it for school purposes, shall constitute a county school district. In each case where any village or rural school district is situated in more than one county such district shall become a part of the county school district in which the greatest part of the territory of such village or rural district is situated."

Exempted village districts are those village districts which are not under the supervision of the county board of education. Insofar as we have examined the statutes, we find no specific definition of a rural school district. However, it is to be presumed that all districts other than those defined by statute must be rural school districts. It thus appears that the districts, the definitions of which we have heretofore stated, have recognized meaning at law. In determining what territory is contemplated by the language of §§4692 and 4696 GC, we must, insofar as it may be done, give that construction to the language employed as will be in harmony with the other related statutes on the subject.

There are some parallel references in §§4692 and 4696 GC which may be helpful. §4692 GC provides for a transfer of a part or all of a district of the county school district. §4696 GC provides for a transfer of a part or all of a school district of the county school district. §4692 GC provides for the transfer to an adjoining district or districts of the county school district. §4696 GC provides for a transfer to an exempted village, city or county school district, * * *. It is the contention of counsel for the petitioners that §4696 GC is authority to compel the county board of education in the instant case to do that which the board could, on its own motion, do under §4692 GC. This may be accomplished if the language of the statutes permit. It is unusual, if intended to give the electors within the district affected the power to compel that which the board could, at its discretion, do under §4692 GC, that it would not all be incorporated in the one section. In our judgment "county school districts," as employed in §4696 GC means that which is defined in §4684 GC and will not permit of the same interpretation as the territory contemplated in §4692 GC in the language, "district or districts of the county school district." District or districts of the county school district means a part of the larger whole, the county school district.

Sec 4696 GC as enacted in 108 O. L., 705,

provided that a county board of education may transfer a part or all of a school district of the county school district to an adjoining exempted school district or city school district or to another county school district, * * *. The section was amended in 109 O. L. at page 65 by dropping the word "another" which we have underscored and it is claimed that this changes the meaning of the section so as to permit the transfer of one rural school district to another rural school district within the county school district. It is conceded that if the word "another" was now in the statute, the interpretation contended for by the board would be correct. As we view it the omission of the word "another" could not change the meaning of "county school district," which it formerly modified. "County school district" has the same meaning in the section as found in 108 O. L. and 109 O. L. The use of the word "another" was pure surplusage. If the board made any transfer at all to a county school district under §4696 GC it must, ex vi termini, be to another county school district because it would be meaningless to provide for a transfer of a part or all of a school district of the county school district to the county school district of which it was already a part.

Sec 4696 GC has been recognized as the source of authority for a transfer of territory from a school district within one county district to a contiguous school district within another county school district. State ex Whartenby v County Board of Education of Perry County, 122 Oh St, 463. State ex Board of Education of Swanton Village School District v Board of Education of Sharples Village School District, 114 Oh St, 603.

If we adopt the construction contended for by defendants in error, namely, that "county school district" means district within a county school district, we have changed the interpretation as fixed by the Supreme Court in the above cases. The decision in State ex Whartenby v Board of Education, supra, was announced after the last amendment to §4696 GC.

If we interpret "county school district" to mean a rural district within a county district then there is no statutory provision to transfer a school district of a county district to another county school district unless we give "county school district" a double meaning.

Let us state §4696 GC with parts not germane to our immediate question omitted. "A county board of education shall trans-

fer a part or all of a school district to a county school district." Had it been the purpose of the legislature to change §4696 GC to have the effect urged by defendants in error it is probable that it would have done more than remove the word "another." There is no change in legislative policy as the statute is now construed from that when "another" was included in its terms.

Sec 4735-1 GC while effective accorded the right to electors within territory affected upon petition of one-fourth of their number to join a contiguous rural or village school district, but this section was repealed in 113 O. L., 685.

Our determination is strengthened by that part of §4696 GC:

"(2) an equitable division of the funds and indebtedness between the districts involved shall be made by the county board of education, **which in the case of territory transferred to a county school district shall mean the board of education of the county school district to which such territory is transferred."**

Clearly the black face portion of the section contemplates a different situation than §4692 GC. It must relate 'to the transfer of territory to a county school district other than that in which the territory to be transferred is located. §4692 GC has application to the transfer of territory within the jurisdiction or control of the county board of education, wherein the district to be transferred is located. Under §4696 GC the equitable division of the funds and indebtedness where there is a transfer of territory to a county school district is, in all instances, determined by the board of education of a different county than that which has jurisdiction in the county where the territory to be transferred is located.

Then, too, provision (3) in §4696 GC indicates that this section contemplates a different situation and relates to a different subject matter than §4292 GC wherein it is provided "a map shall· be filed with the county auditor of each county affected by the transfer." Whereas, in §4692 GC the map required is to be filed only with the auditor of the county in which the transferred territory is situated. Under §4692 GC it is not contemplated that a map shall be filed in more than one county, indicating that the territory transferred and the district to which the transfer is to be made are both a part of the same county district. On the contrary, §4696, GC by its terms and by the provisions relating to the filing of the map in more than one county, indicates that the section shall have application to territory to be transferred to a district other than the county district in which it is located.

The argument of counsel for the petitioners is a splendid presentation of a theory of what the law should provide to accord proper consideration to the electors within territories sought to be transferred, but we are concerned only with the statutes as they are framed. However, it is not difficult to, determine a plausible theory upon which the legislation under consideration may have been enacted. The county school board of education under the school legislation has no authority whatever over city school districts, exempted village school districts or county school districts, other than the county district which it covers. These districts are alike in that they are free from any jurisdiction or control by the county board.

The other districts in the county, namely, the rural school districts and the unexempted village school districts are under the jurisdiction, supervision and control of the county board of education. As to such districts, it may have been the thought of the legislature that it would be conducive to better and more satisfactory districting of this territory to leave the initiation of changes or transfers therein with the board and not to accord to the electors therein the right to change boundary lines. However, it insured to the electors the right to prevent by remonstrance any change in districts after the board had determined that it should be made.

The legislature may have believed that the county board of education would be loath to propose the transfer of a part or all of any district over which it had jurisdiction and control to a district over which it had no jurisdiction, such as a city school district, an exempted village school district, or another county school district. But electors within a district under control of their county board of education might desire to transfer a part or all of their district to one of the districts not within the control of the board and so that they might have this opportunity to accomplish that which the board would seldom, if ever, initiate on its own motion, they are given the right to cause the board to act in a discretionary way by petition of fifty per cent of the electors within the district to be transferred and to compel the board to act by a petition of seventy-five per cent of the electors

of the territory within the district to be transferred. The initiation of action under §4692 GC must originate with the county board of education.

We are convinced that §4696 GC does not authorize the County Board of Education of Miami County to make the transfer of the territory as requested in the petition of defendants in error.

The judgment of the trial court will therefore be reversed.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.